IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANA LEIGH BAILEY, as Personal Representative of the estate of ALYSSA VICTORIA CARROLL**<br>　　　**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,**<br><br>　　　**Defendants.** | **Civil Action No.:** |

## NOTICE OF REMOVAL

**COMES NOW** Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel and files this Notice of Removal, removing this civil action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 29 U.S.C. §1441, *et seq*. In support of its Notice of Removal, State Farm states as follows:

### PROCEDURAL BACKGROUND

1. On April 18, 2017 Plaintiff Dana Leigh Bailey ("Plaintiff"), as personal representative of Alyssa Victoria Carroll, filed a Complaint in the Circuit Court of Jefferson County, Alabama, in the civil action styled *Dana Leigh Bailey,*

*as personal representative of Alyssa Victoria Carroll v. State Farm Fire and Casualty Company, et al.*, 01-CV-2017-901572.00, asserting a claim for Uninsured/Underinsured Motorist Benefits.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, discovery, and orders are attached hereto as **Exhibit "A."**

    2.    In the Complaint, Plaintiff alleges she entered into an insurance contract with State Farm and/or one more fictitious parties.  (Ex. A, Compl. ¶ 7).  Plaintiff alleges that on or about January 14, 2017, Donald Lee Turner and one or more fictitious parties caused the insured vehicle to leave the roadway and crash catastrophically.  (Ex. A, Compl. ¶ 5).  The conduct of Turner and the fictitious parties was the proximate cause of Alyssa Victoria Carroll's death.  (Ex. A, Compl. ¶ 6).  Plaintiff alleges that a controversy exists between her, State Farm, and/or one or more of the fictitious parties as to the amount or extent of underinsured motorist benefits to be provided to Plaintiff under certain policy or policies.  (Ex. A, Compl. ¶11).

    3.    Based on these allegations, Plaintiff demands judgment against State Farm and one or more of the fictitious parties for injuries and damages and requests punitive damages.  (Ex. A, Compl. at Wherefore Clause).

4. State Farm was served with the Summons and Complaint on May 2, 2017. Therefore, this filing is timely as within 30 days of service. *See* 28 U.S.C. §1446(b).

5. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because State Farm has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, as set forth fully below.

## DIVERSITY OF CITIZENSHIP

6. The Complaint alleges that Plaintiff Dana Leigh Bailey is a citizen of Jefferson County, Alabama. Compl. ¶ 1.

7. State Farm is an Illinois mutual company with its principal place of business in the State of Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), State Farm is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

8. The citizenship of fictitious defendants should not be considered for purposes of determining diversity. 28 U.S.C. § 1441(b)(1); *see also Sexton v. Principal Fin. Group*, 920 F. Supp. 169, 171 (M.D. Ala. 1996) (citing an earlier version of the current 28 U.S.C. § 1441(b)(1)).

3

9. Hence, there is complete diversity between the Plaintiff and the Defendant in this case.

## AMOUNT IN CONTROVERSY

10. The Complaint does not set forth the amount of damages claimed. Plaintiff only alleges that a controversy exists between her, State Farm, and/or one or more of the fictitious parties as to the amount or extent of underinsured motorist benefits to be provided to Plaintiff under certain policy or policies. (Ex. A, Compl. ¶ 11). Plaintiff demands punitive damages. (Ex. A, Compl. at Wherefore Clause). However, even "[a]n indeterminate complaint does not show that the cause is not removable . . .[i]t simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986). In such cases where the amount of damages is not set forth, the Court has the "duty to independently determine the propriety of jurisdiction." *Id.* at 575.

11. Removal is proper pursuant to 28 U.S.C. §1446, in that there is a sufficient basis that the jurisdictional amount in controversy could be met. 28 U.S.C. §1446(c)(2) provides as follows:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 U.S.C.§ 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—

>> (i) nonmonetary relief; or
>>
>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a) [28 U.S.C. § 1332(a)].

Accordingly, because Plaintiff seeks unspecified damages for her cause of action, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional amount. *Id.*

12. In its determination of removability, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal citation and quotation marks omitted). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062 (internal citations and quotation marks omitted). District courts must independently recognize the value of a claim, rather than rely on the plaintiff's representations. *Id.* at 1064. Further, with regard to a claim for punitive damages the Court is free to use "judicial experience and common sense." *Shepherd v. State*

5

*Farm Fire and Casualty Company*, 2012 U.S. Dist. LEXIS 105665 (N.D. Ala. July 30, 2012) (Coogler, J.) (*quoting Roe*, 613 F.3d at 1064).

13.     In the Complaint, Plaintiff seeks an indeterminate amount in damages pursuant to her claim for Uninsured/Underinsured Motorist Benefits under "a policy or policies of automobile insurance" with State Farm, including an undetermined amount for damage to the automobile and bodily injury resulting in the death of Alyssa Carroll.  Compl. ¶¶ 7, 11.  In accordance with the terms of the policies, there were three automobile insurance policies in effect at the time of loss and at issue in this action: (1) Car Policy No. 299-3314-F30-01A, effective December 30, 2016 to June 30, 2017, (2) Car Policy No.  272-1462-E20-01, effective November 20, 2016 to May 20, 2017, and (3) Car Policy No. 272-1461-E20-01A, effective November 20, 2016 to May 20, 2017.  *See* Certified Copy of Policy No. 299-3314-F30-01A, attached hereto as **Exhibit "B,"** Certified Copy of Policy No. 272-1462-E20-01, Declarations Page, attached hereto as **Exhibit "C,"** and Certified Copy of Policy No. 272-1461-E20-01A, Declarations Page, attached hereto as **Exhibit "D."** [1]  Per the terms of the insurance policies at issue, the

---

[1] The Certified Policies are properly attached to this Notice of Removal.  *See HNH Works, Inc v. Ohio Nat'l Life Assurance Corp.*, No. 2:16-CV-86-WKW-PWG, 2016 WL 3180227, at *4 (M.D. Ala. Apr. 28, 2016), *report and recommendation adopted sub nom. HNH Works, Inc. v. Ohio Nat'l Life Assurance Corp.*, No. 2:16-CV-86-WKW, 2016 WL 3176591 (M.D. Ala. June 6, 2016) (citing *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.") (internal citations omitted)).

uninsured motor vehicle coverage available[2] per policy is $25,000 per person, per accident.  *See* Exs. B, C, and D.  By statute, uninsured/underinsured motorist coverage in insurance policies may be stacked. *See* Ala. Code § 32-7-23(c); *Progressive Specialty Ins. Co. v. Hall*, No. 2:14-CV-02047-JEO, 2016 WL 3876440, at *4 (N.D. Ala. June 20, 2016), *report and recommendation adopted sub nom. Progressive Speciality Ins. Co. v. Hall*, No. 2:14-CV-02047-RDP, 2016 WL 3854232 (N.D. Ala. July 15, 2016) (internal citations and quotations omitted). Thus, the total of uninsured/underinsured motorist coverage at issue in this case is $75,000. The amount in controversy is further evidenced by Plaintiff's Counsel's pre-suit demand letter to State Farm. *See* April 7, 2017 Letter from Plaintiff's Counsel to State farm attached hereto as **"Exhibit E."** Although it is unclear whether Plaintiff is making a claim for wrongful death or a claim for bad faith, when the total of uninsured/underinsured motorist coverage at issue in this case is combined with a claim for punitive damages mental anguish, and emotional distress, it is clear that the jurisdictional amount in controversy is satisfied.  *See Shepherd*, supra, at *6-9 (finding by a preponderance of the evidence that more than $75,000 was in controversy where under the insurance contract $38,549.19 at a minimum was in controversy and where plaintiff requested damages for punitive damages among other requests for damages).  *See also Seckel v. Travelers Home &*

---

[2] State Farm specifically contents coverage under the applicable policies.

*Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013) (holding that although plaintiff only claimed specific damages of $26,430, the unspecified damages plaintiff sought for alleged emotional distress and unjust enrichment allowed Defendant to meet the amount in controversy requirement).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

14. Because this Notice of Removal was filed within 30 days of service of the Complaint on State Farm, it is timely under 28 U.S.C. §1446(b).

15. The prerequisites for removal under 28 U.S.C. §1441 have been met.

16. State Farm has sought no similar relief with respect to this matter.

17. No further proceedings have been had in this action.

18. Pursuant to 28 U.S.C. § 1446(d), a written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

19. Pursuant to 28 U.S.C. § 1446(d) a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Circuit Court Clerk for the Circuit Court of Jefferson County. (*See* Notice of Filing Notice of Removal, attached hereto as **Exhibit "F."**).

20. If any question arises as to the propriety of the removal of this action, State Farm requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

21. Plaintiff's Complaint also lists "Fictitious Defendants." *Federal Rule of Civil Procedure* 10(a) does not allow fictitious party practice "as it is incompatible with the federal procedure." *Ford v. DeLoach*, 2005 WL 1243346, n.2 (M.D. Ala., May 25, 2005). Fictitious party practice is not permitted and the failure of a plaintiff to name parties requires the Court to strike said fictitious parties. *Ford*, 2005 WL 1243346 at *1 (citing *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n. 1 (11th Cir. 1997)).

## CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this action be, and is hereby, removed to this Court, this Court assume jurisdiction of this action, and this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**Respectfully submitted this the 31st day of May, 2017.**

> **/s/ A. David Fawal**
> A. David Fawal [ASB-4593-W82A]
> david.fawal@butlersnow.com
> Katherine T. Powell [ASB-1047-H60T]
> Katie.powell@butlersnow.com

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 297-2200
Facsimile:  (205) 297-2100

*Attorneys for State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's AlaFile system and/or by depositing a copy of the same in the U. S. Mail, first-class postage prepaid and properly addressed as follows:

Andrew J. Moak
C. Todd Buchanan
**SHUNNAHAH INJURY LAWYERS, PC**
3626 Clairmont Avenue South
Birmingham, Alabama  35222-3508
Telephone:  (205) 323-1000
Facsimile:  (205) 323-1877

*Attorneys for Plaintiff.*

**Done this the 31st day of May, 2017.**

/s/ A. David Fawal
OF COUNSEL

36695749v1