DOCUMENT 3

Case 2:17-cv-00888-KOB   Document 1-1   Filed 05/31/17   Page 1 of 15

ELECTRONICALLY FILED
5/1/2017 11:18 AM
64-CV-2017-900176.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

FILED
2017 May-31 PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| **KEVIN GARNER** an individual; | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No.: |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation; and THOSE OTHER PERSONS, CORPORATIONS, AND OTHER LEGAL ENTITIES DESIGNATED HEREIN AS FICTITIOUS PARTIES** | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO: **State Farm Mutual Automobile Insurance Company**
**1 State Farm Plaza**
**Bloomington, IL 61701**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to <u>DRAKE LAW FIRM</u>, attorney for plaintiff, <u>Two Perimeter Park South, Suite 510 East, Birmingham, AL  35243</u>. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____
CLERK OF COURT

DATED: _____

EXHIBIT A

DOCUMENT 2

Case 2:17-cv-00888-KOB   Document 1-1   Filed 05/31/17   Page 2 of 15

ELECTRONICALLY FILED
4/18/2017 10:39 AM
01-CV-2017-901572.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

**DANA LEIGH BAILEY, as Personal** )
**Representative of the Estate of** )
**ALYSSA VICTORIA CARROLL,** )
)
    **Plaintiff,** )
)
v. )     **Case No.: CV-2017-_____**
)
**STATE FARM MUTUAL** )
**AUTOMOBILE INSURANCE** )
**COMPANY, a foreign corporation** and **No.1**, whether singular or plural, the driver of the motor vehicle whose negligence caused the Plaintiff's death on the occasion forming the basis of this civil action; **No.2**, whether singular or plural, the operator of the motor vehicle on the occasion forming the basis of this civil action; **No.3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle involved in the occurrence forming the basis of this civil action; **No.4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle involved in the occurrence forming the basis of this civil action; **No.5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle involved in the occurrence forming the basis of this civil action; **No.6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle involved in the occurrence forming the basis of this civil action, or any of the component parts thereof; **No.7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle involved in the occurrence forming the basis of this civil action; **No.8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle operated at the time of the occurrence forming the basis of this civil action was performing some type of service or employment duty; **No.9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle involved in the occurrence forming the basis of this civil action to the driver or drivers thereof at the time of said occurrence; **No.10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision forming the basis of this civil action was being operated at the time of said occurrence; **No.11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle involved in the occurrence forming the basis of this civil action; **No.12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered or maintained the vehicle involved in the occurrence forming the basis of this civil action; **No.13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence forming the basis of this civil action, any component part thereof, or any attendant equipment used or available for use therewith; **No.14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved or issued any approval of any of the vehicles involved in the occurrence

forming the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No.15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance or operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence forming the basis of this civil action; **No.16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance that provided coverage for the Plaintiffs, including, but not limited to, general liability insurance or uninsured/underinsured motorist coverage; **No.17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence forming the basis of this civil action, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No.18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence forming the basis of this civil action; **No.19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor-in-interest of any of those named and/or fictitious parties defendant described herein; and **No.20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation and/or entity of any of the entities described herein.  The Plaintiff avers that the identities of the above-described fictitious parties defendant is otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff at this time, their identities as proper parties defendant is not known to the Plaintiff at this time, but their true names will be substituted by amendment when ascertained,             )
                                                                 )
   **Defendants.**                               )

## COMPLAINT

COMES NOW the Plaintiff, DANA LEIGH BAILEY, as Personal Representative of the Estate of ALYSSA VICTORIA CARROLL, and for the relief hereinafter requested, respectfully shows unto the Court as follows:

## STATEMENT OF PARTIES

1.      Plaintiff DANA LEIGH BAILEY is an individual over the age of nineteen (19) years, who is an adult resident citizen of Jefferson County, Alabama and is the duly appointed Administrator of the Estate of ALYSSA VICTORIA CARROLL, deceased.  The Estate of ALYSSA VICTORIA CARROLL is a Jefferson County, Alabama estate.

2. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is a foreign corporation which, during all material times relevant to the present action was doing business by agent in Jefferson County, Alabama and which, at all times pertinent to the present civil action, held a contract for a policy or policies of automobile insurance providing uninsured and underinsured motorist coverage for the benefit of Plaintiff DANA LEIGH BAILEY, as Personal Representative of the Estate of ALYSSA VICTORIA CARROLL.

3. Fictitious parties defendant Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20, whose more correct names and identities are unknown to the Plaintiff at this time, will be substituted by amendment when their true names and identities are ascertained.

## COUNT ONE
### (Uninsured/Underinsured Motorist Benefits)

4. The Plaintiff adopts and incorporates paragraphs one (1) through three (3) as if fully set out herein.

5. On or about the 14th day of January, 2017, upon a public roadway, to wit: Skyline Drive, in Blount County, Alabama, Donald Lee Turner and or more of the fictitious parties defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20, caused the motor vehicle he was operating to leave the roadway and crash catastrophically, and Donald Lee Turner's and one or more of the fictitious parties defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20's conduct was a proximate cause of ALYSSA VICTORIA CARROLL'S wrongful death.

6. As a proximate result of the conduct of Donald Lee Turner and one or more of the fictitious parties defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20, combined and concurred, ALYSSA VICTORIA

CARROLL was caused to be killed. This lawsuit is, therefore, filed pursuant to the authority of *Ala. Code* § 6-5-410.

7. On January 14, 2017, and for sometime prior thereto, Plaintiff DANA LEIGH BAILEY had in full force and effect a policy or policies of automobile insurance with Defendant STATE FARM MUTUAL AUTOBILE INSURANCE COMPANY and/or one or more of the fictitious parties defendant listed and described above and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20.

8. Specifically, the Plaintiff's policy or policies of automobile insurance included, and premiums were paid by Plaintiff, for coverage due to losses caused by uninsured or underinsured motorists.

9. Subsequent to the collision forming the basis of the present civil action, Plaintiff DANA LEIGH BAILEY provided Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and/or one or more of the fictitious parties defendant listed and described above and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 with timely notice of a claim for underinsured motorist benefits pursuant to the policy or policies of automobile insurance described herein.

10. Plaintiff DANA LEIGH BAILEY alleges that Donald Lee Turner was an underinsured motorist at the time of the collision forming the basis of this civil action.

11. A controversy has arisen between Plaintiff DANA LEIGH BAILEY, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and/or one or more of the fictitious parties defendant listed and described above and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 as to the amount or extent of underinsured motorist benefits to

be provided to Plaintiff DANA LEIGH BAILEY under her policy or policies of insurance with Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and/or one or more of the fictitious parties defendant listed and described above and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 for the injuries and damages sustained and described above.

WHEREFORE, Plaintiff DANA LEIGH BAILEY, as Personal Representative of the Estate of ALYSSA VICTORIA CARROLL, demands judgment against each of the Defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and one or more of the fictitious parties defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20  and requests that punitive damages be awarded to the Plaintiff in an amount that will adequately reflect the enormity of the defendants' wrongful acts and that will effectively prevent other similar wrongful acts.

**DATED:**  This the 18th day of April, 2017.

/s/  Andrew J. Moak
Andrew J. Moak (MOA001)
Attorney for the Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, PC
3626 Clairmont Avenue South
Birmingham, Alabama 35222-3508
P (205) 323-1000
F (205) 323-1877

## JURY DEMAND

PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS CASE.

s/  Andrew Moak
Andrew J. Moak (MOA001)

## REQUEST FOR SERVICE VIA CERTIFIED MAIL BY CLERK

      The attorney for the Plaintiff hereby respectfully requests that the Clerk serve the following Defendants by certified mail, return receipt requested:

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

          *s/ Andrew Moak*
          OF COUNSEL

ELECTRONICALLY FILED
4/18/2017 10:39 AM
01-CV-2017-901572.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **DANA LEIGH BAILEY, as Personal Representative of the Estate of ALYSSA VICTORIA CARROLL,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: CV-2017-_____ |
| ) | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** *et al.***,** )<br>)<br>)<br>) | |
| **Defendants.** ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

COMES NOW Plaintiff DANA LEIGH BAILEY, as Personal Representative of the Estate of ALYSSA VICTORIA CARROLL, and hereby requests that the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY answer the following Requests for Production of Documents, and thereafter supplement each such response as required by Rule 26(e) of said rules; to wit:

**NOTE A:** These Interrogatories and Requests for Production shall be deemed continuing in nature so as to require supplemental answers upon receipt of additional information received by this Defendant or this Defendant's attorney, subsequent to the original response. Any such supplemental answers are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information, but not later than the trial of this action.

**NOTE B:** If you contend that any document or file requested is irrelevant or privileged in any way, provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

**NOTE C:** The terms "this defendant," "defendant, "you" or "your" refers to the Defendant to whom these requests are made, including any officer, agent, employee, subsidiary or parent company of such Defendant, or any other person or entity over whom the Defendant may exert control, or by whom the Defendant is controlled.

**NOTE D:** The terms "Plaintiff," "Plaintiffs," "Plaintiff's" or "Plaintiffs'" refer to DANA LEIGH BAILEY, on or about the date forming the basis of this civil action.

## REQUESTS FOR PRODUCTION

1. Produce a complete copy of all policies of insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to the Plaintiff that were in effect at the time of the incident forming the basis of this lawsuit, including all declarations, endorsements, riders and amendments.

2. Produce a transcribed copy of any and all recorded interviews or statements conducted by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY of any of the parties to this lawsuit, including, but not limited to, the Plaintiff.

**DATED:** This 18th day of April, 2017.

                                          */s/ Andrew J. Moak*
                                          Andrew J. Moak (MOA001)
                                          Attorney for the Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, PC
3626 Clairmont Avenue South
Birmingham, Alabama 35222-3508
P (205) 323-1000
F (205) 323-1877
amoak@asilpc.com

## CERTIFICATE OF SERVICE

  I hereby certify that I have caused a copy of the foregoing to be attached to and served with the original Summons and Complaint in this action.

                   */s/ Andrew J. Moak*
                   OF COUNSEL

ELECTRONICALLY FILED
4/24/2017 9:14 AM
01-CV-2017-901572.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **DANA LEIGH BAILEY, as Personal Representative of the Estate of ALYSSA VICTORIA CARROLL,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )   Case No.: CV-2017-_____ |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) |

### NOTICE OF APPEARANCE

COMES NOW the undersigned, C. Todd Buchanan of Alexander Shunnarah Injury Lawyers, P.C., and provides this Honorable Court, as well as all Parties, with formal notice of his appearance as additional counsel of record for Plaintiff, Dana Leigh Bailey as Personal Representative of the Estate of Alyssa Victoria Carroll.

Respectfully Submitted,

_____
C. Todd Buchanan (BUC034)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:         (205) 983-8166
Paralegal:     (205) 983-8266
Facsimile:    (205) 983-8466
Email:         tbuchanan@asilpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing electronically via Alafile on this, the 24th day of April, 2017.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104


_____
OF COUNSEL

DOCUMENT 8
Case 2:17-cv-00888-KOB   Document 1-1   Filed 05/31/17   Page 13 of 15



# NOTICE TO CLERK
REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DANA LEIGH BAILEY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

01-CV-2017-901572.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $6.98

Parties to be served by Certified Mail - Return Receipt Requested

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY           Postage: $6.98
C/O CSC LAWYERS INC. SVC.
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested


Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$  CV2017  901572  slc
Total Postage and Fees
$
Sent To  State Farm Mutual Auto. Ins Co
Street and Apt. No., or PO Box No.
City, State, ZIP+4

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 0530 0000 1070 8229

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
C/O CSC LAWYERS INC. SVC.
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

CV2017 901572 slc

9590 9402 2711 6351 7813 23

2. Article Number *(Transfer from service label)*
7017 0530 0000 1070 8229

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                         ☐ Agent
                                          ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CV17-900167

State Farm Mutual Auto Ins. Co.
1 State Farm Plaza
Bloomington, IL 61701

9590 9402 2377 6249 3557 42

2. Article Number (Transfer from service label)

7016 1370 0000 8842 7785

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)


C. Date of Delivery: MAY 8 2017

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt