**FILED**

2017 May-31  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



## Alexander Shunnarah
PERSONAL INJURY ATTORNEYS

Andrew J. Moak
Tel (205) 983-8163
Fax (205) 278-6911
amoak@asilpc.com

April 7, 2017

***Via Facsimile (888) 870-0317***
Mr. Duane Brunn
State Farm Claims
P.O. Box 106171
Atlanta, GA 30348-6171

Re:        ***Claim No.: 01-9R16797***
            **Your Insured:  Dana Bailey**
            **Date of Incident:  January 14, 2017**
            **Onr File:  17-0470**

Dear Duane:

        This correspondence is a follow-up to our letter of March 14, 2017, to which we received no response.

        We forwarded you a pair of Alabama Supreme Court cases with that correspondence, asking State Farm to reverse its denial of this claim, to decide whether to waive its subrogation rights and consent to Ms. Bailey's proposed settlement with USAA, or to advance USAA's settlement offer. We made that request twenty-four (24) days ago. Under the authority of *Lambert v. State Farm Mutual Auto. Ins. Co.*, 576 So. 2d 160, we reiterate our request for a consent and waiver from State Farm and ask for your response. According to *Morgan v. Safeway Ins. Co.*, 13 So. 3d 381, absent compelling circumstances that do not exist here, State Farm has **thirty (30) days** from that request to fully investigate and make its determination. That time has nearly run without comment from State Farm.

        We also provided you with case law that directly contradicts State Farm's February 24, 2017 denial of UIM benefits to our client in this case. State Farm is on baseless legal ground in its denial of this claim. The case which points out the error in State Farm's logic is State Farm's own case, *Hall v. State Farm Mutual Auto Ins. Co.*, 514 So. 2d 853. We provided you with a copy of that case, in which the Alabama Supreme Court directly spoke to the issue you raise, stating that:

        **"[U]ninsured  motorist  coverages,  under  policies  insuring
        vehicles  other  than  the  one  involved  in  the  accident,  are
        available  to  passengers  once  the  liability  coverage  on  the  vehicle
        involved  in  the  accident  has  been  denied  to  them."**

3626 Clairmont Avenue
Birmingham, Alabama 35222
205-323-1000
Fax 205-323-1877                    877-270-2539                    Huntsville, AL 256-533-1300
Fax 205-323-6878                    www.askalexnow.com                Montgomery, AL 334-954-4442

EXHIBIT E

*Duane Brunn*
*7 April 2017*
*Page 2 of 3*

The rules do not get any clearer than this. State Farm denied the liability coverage in this case on a "resident relative" policy definition. State Farm is not now allowed to deny UIM benefits on other household vehicles available to satisfy this loss, thus having its cake and eating it too. It is difficult for us to understand why we are having to explain this legal principle to State Farm, since State Farm made the legal principle in the first place. Either State Farm does not understand the law that it made in the courts in Alabama, or State Farm is willfully ignoring the law it made. Either way, State Farm's denial of benefits in this case is in bad faith.

In a phone call with me and my co-counsel, you referred to this situation as an "odd corner" claim, which I suppose means to claim adjusters that it is a situation where "oddly," there is no insurance coverage. Please be assured that our client whose daughter died and who has dutifully paid State Farm premiums on multiple vehicles with applicable UIM coverage does not view this situation so glibly. She wants and is legally entitled to the benefits she paid State Farm to receive.

We reiterate that, based on the policy documents you provided to us, Ms. Bailey had the following vehicles in her household that contain UIM coverage:

1) A State Farm household policy on a 2016 Nissan Versa ($25,000.00);

2) A household policy on a 2004 Toyota Prerunner ($25,000.00); and

3) A household policy on a 2007 Lexus RX350 ($25,000.00).

In other words, Ms. Bailey has a total of $75,000.00 in UIM coverage on three (3) stackable household policies on which State Farm has no legitimate arguable or debatable legal basis for denial.

Enclosed with this letter, please find a copy of Letters of Administration issued to our client, which give her legal authority over her daughter's estate. State Farm has had plenty of time to determine the appropriate course in this case. The damages for Alyssa Carroll's death far exceed State Farm's available stacked household UIM coverages.

Our client will accept State Farm's available stacked policy limits of $75,000.00 to settle this case. This is a pittance in a wrongful death case and should be a simple analysis from a damages perspective. If we have not received State Farm's tender of the available coverages within seven (7) days, we will withdraw our offer to accept State Farm's UIM policy limits and file a lawsuit against State Farm. If we are forced to take this route, we will file a bad faith action against State Farm after receiving our verdict, pursuing additional damages against State Farm for its denial in this case.

We look forward to hearing from you promptly.

*Duane Brunn*
*7 April 2017*
*Page 3 of 3*

Very Truly Yours,

Andrew J. Moak

Enclosure