FILED
2017 May-31  PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANA LEIGH BAILEY, as** | ) | |
| **Personal Representative of** | ) | |
| **the estate of ALYSSA** | ) | |
| **VICTORIA CARROLL** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE** | ) | |
| **INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER FOR DEFENDANT
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**COMES NOW** Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), and for Answer to the Complaint and each count thereof, separately and severally, defends as follows:

1.      State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and demands strict proof thereof.

2.      State Farm admits it is a non-Alabama insurance mutual company that does business in Jefferson County, Alabama.  State Farm admits it held three automobile insurance policies, Car Policy No. 299-3314-F30-01A issued to Jimmy & Jessica & Dana Bailey, Car Policy No. 272-1462-E20-01 issued to Dana &

Jimmy R Bailey, and Car Policy No. 272-1461-E20-01A issued to Dana & Jimmy R Bailey, subject to all the terms, conditions, exclusions, limitations, endorsements and declarations set out in the policy contracts. State Farm denies any remaining allegations set forth in Paragraph 2 of the Complaint and demands strict proof thereof.

3. Paragraph 3 of the Plaintiff's Complaint does not appear to make any allegations toward State Farm. To the extent Paragraph 3 makes any allegations toward State Farm, State Farm denies the allegations set forth in Paragraph 3 and demands strict proof thereof.

## COUNT ONE
### (Uninsured/Underinsured Motorist Benefits)

4. State Farm incorporates and adopts its answers to all preceding paragraphs as if set forth fully herein.

5. State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and demands strict proof thereof.

6. State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and demands strict proof thereof.

7.  State Farm admits Dana Leigh Bailey had three Automobile Insurance Policies: (1) Car Policy No.  299-3314-F30-01A, (2) Car Policy No. 272-1462-E20-01, and (3) Car Policy No. 272-1461-E20-01A in effect on January 14, 2017, subject to the terms, conditions, limitations, exclusions, endorsements and declarations contained within the policy contracts. State Farm denies any remaining allegations set forth in Paragraph 7 of the Complaint and demands strict proof thereof.

8.  State Farm admits Car Policy No.  299-3314-F30-01A, Car Policy No. 272-1462-E20-01, and Car Policy No. 272-1461-E20-01A included uninsured/underinsured motorist coverage.  However, State Farm denies that such coverage applies to this loss.  State Farm affirmatively states that the car policies are the best evidence of their contents and State Farm specifically denies any allegations which tend to contradict, contravene, or enlarge upon the terms, conditions, exclusions, or limitations to said policies.   State Farm denies the remaining allegations set forth in Paragraph 8 of the Complaint and demands strict proof thereof.

9.  State Farm admits that Plaintiff provided a notice of claim for uninsured/underinsured motorist benefits.   State Farm specifically denies any

allegations which tend to contradict, contravene, or enlarge upon the terms, conditions, exclusions, or limitations to said policies.

10.    State Farm denies the allegations contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11.    State Farm denies the allegations set forth in Paragraph 11 and demands strict proof thereof.

**Wherefore clause:** State Farm denies Plaintiff is entitled to judgment against State Farm and that Plaintiff is entitled to damages or any other form of relief.  State Farm specifically contests all damages sought by Plaintiff.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiff bears such burden, State Farm alleges for its additional defenses as follows:

## FIRST DEFENSE

State Farm alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

State Farm affirmatively avers that the automobile insurance policies are the best evidence of their contents and are pled herein as though copied herein in their entirety.  State Farm specifically denies any allegations which tend to contradict,

contravene or enlarge upon the terms, conditions, exclusions, limitations, endorsements, or declarations to said policies.

### THIRD DEFENSE

State Farm pleads the general issue and denies each and every material allegation of the complaint not herein admitted and demands strict proof thereof.

### FOURTH DEFENSE

State Farm affirmatively avers that it is not estopped from asserting any conditions precedent, conditions subsequent, exclusions or limitations as affirmative defenses to Plaintiff's claims and affirmatively avers it has not waived any conditions precedent, conditions subsequent, exclusions or limitations as affirmative defenses to Plaintiff's claims.

### FIFTH DEFENSE

State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions, and limitations set forth in the policies and coverages of defense to Plaintiff's claims.

### SIXTH DEFENSE

State Farm affirmatively denies that Plaintiff is entitled to uninsured/underinsured motorist benefits as alleged and demands strict proof thereof.

## SEVENTH DEFENSE

To the extent Plaintiff alleges State Farm breached the insurance contract, State Farm affirmatively denies that it has breached the insurance contract as alleged and demands strict proof thereof.

## EIGHTH DEFENSE

To the extent Plaintiff alleges that State Farm or any of its agents, servants, independent contractors, or employees is guilty of bad faith in their conduct dealing with Plaintiff, State Farm affirmatively denies these allegations and demands strict proof thereof.

## NINTH DEFENSE

State Farm affirmatively denies the existence of any error or bad judgment in any way connected with the handling of Plaintiff's claim.

## TENTH DEFENSE

State Farm affirmatively pleads all applicable statute of limitations.

## ELEVENTH DEFENSE

State Farm denies Plaintiff was injured to the nature and extent claimed and contests damages.

## TWELFTH DEFENSE

State Farm affirmatively avers that there exists a lawful basis upon which to

refuse payment of the claim submitted by Plaintiff.

## THIRTEENTH DEFENSE

State Farm affirmatively denies any intentional and/or reckless failure to perform any duty implied by law of good faith and fair dealing with the Plaintiff.

## FOURTEENTH DEFENSE

State Farm affirmatively avers there was no absence of a legitimate, arguable or debatable reason for its handling of any claim by Plaintiff.

## FIFTEENTH DEFENSE

State Farm affirmatively avers there was no intentional and/or reckless failure to determine whether there was any lawful basis for refusal to pay any portion of benefits, and further, State Farm is unaware of a conscious doing of any wrong in the handling of said claim.

## SIXTEENTH DEFENSE

State Farm affirmatively avers that any claim submitted by Plaintiff was properly investigated and subjected to cognitive evaluation and review.

## SEVENTEENTH DEFENSE

State Farm asserts the defense of lack of subject matter jurisdiction.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff claims entitlement to insurance benefits from

State Farm, Plaintiff failed to meet the conditions precedent under the policies.

## NINETEENTH DEFENSE

To the extent that Plaintiff claims entitlement to insurance proceeds from State Farm, Plaintiff has failed to meet the insuring agreement under the policies, and/or losses are excluded under the policies.

## TWENTIETH DEFENSE

State Farm asserts the defense of improper venue and forum *non conveniens*.

## TWENTY-FIRST DEFENSE

State Farm affirmatively denies it knowingly, intentionally and/or recklessly failed to pay Plaintiff's insurance benefits owed under the terms of the policies and/or Alabama law or otherwise attempted to avoid or delay paying Plaintiff's insurance claim.

## TWENTY-SECOND DEFENSE

State Farm affirmatively denies that it owed a duty to Plaintiff.

## TWENTY-THIRD DEFENSE

State Farm affirmatively denies that it created its own debatable reason regarding denying Plaintiff's claim and/or relied upon ambiguous portions of the policies in regard to Plaintiff's claim.

## TWENTY-FOURTH DEFENSE

State Farm asserts the defense of estoppel.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiff alleges entitlement to punitive damages or damages for mental anguish and emotional distress, State Farm affirmatively avers that the Plaintiff's Complaint fails to state a claim upon which punitive damages and damages for mental anguish and emotional distress may be recovered.

## TWENTY-SIXTH DEFENSE

State Farm avers that the Plaintiff has not been damaged as a result of any wrongdoing on the part of any Defendant.

## TWENTY-SEVENTH DEFENSE

State Farm affirmatively avers there was no intentional refusal to pay any portion of benefits to Plaintiff.

## TWENTY-EIGHTH DEFENSE

State Farm denies it is guilty of any conduct which would entitle Plaintiff to recover punitive damages or damages premised on mental or emotional distress.

## TWENTY-NINTH DEFENSE

State Farm asserts the Plaintiff failed to exercise reasonable care for their own safety and are not entitled to recover herein.

## THIRTIETH DEFENSE

To the extent alleged, State Farm avers that any award of punitive damages and/or damages to Plaintiff for mental anguish and emotional distress would violate constitutional safeguards provided to State Farm under the Constitution of the State of Alabama.

## THIRTY-FIRST DEFENSE

To the extent alleged, State Farm affirmatively avers that any award of punitive damages and/or damages premised on mental anguish or emotional distress would violate the constitutional safeguards provided to State Farm under the Constitution of the United States of America.

## THIRTY-SECOND DEFENSE

To the extent alleged, State Farm affirmatively avers that Plaintiff's claim of punitive damages and damages premised on mental anguish or emotional distress, to the extent Plaintiff alleges entitlement to punitive and damages for mental anguish and emotional distress, violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose damages

which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringe upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress are awarded fail to provide specific standards for the amount of the award of damages premised on mental anguish or emotional distress which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages and/or

11

damages premised on mental anguish or emotional distress are awarded result in the imposition of the same penalty for different or dissimilar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages and/or damages premised on mental anguish or emotional distress permit the imposition of damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## THIRTY-THIRD DEFENSE

To the extent Plaintiff alleges entitlement to damages for mental anguish and emotional distress, Plaintiff's claim of punitive damages and/or damages premised on mental anguish or emotional distress violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

## THIRTY-FOURTH DEFENSE

To the extent Plaintiff alleges entitlement to damages for mental anguish and emotional distress, any award of punitive damages and/or damages premised on mental anguish or emotional distress to Plaintiff in this action would constitute a

12

deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## **THIRTY-FIFTH DEFENSE**

To the extent Plaintiff alleges entitlement to damages for mental anguish and emotional distress, any award of punitive damages and/or damages premised on mental anguish or emotional distress against State Farm in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

## **THIRTY-SIXTH DEFENSE**

An award of punitive damages and/or mental anguish in this case would violate the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution in that it would allow damages in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in Alabama Code § 6-11-20, *et seq.*

## **THIRTY-SEVENTH DEFENSE**

The Alabama Statute authorizing punitive damages, Alabama Code § 6-11-20, is unconstitutionally vague as written, construed, and applied.

## **THIRTY-EIGHTH DEFENSE**

State Farm affirmatively avers that it did not receive fair notice that the

conduct that is alleged in Plaintiff's Complaint might subject it to punishment or damages for mental anguish.

## THIRTY-NINTH DEFENSE

State Farm affirmatively avers that it did not receive fair notice of the severity of the penalty that might be imposed for its alleged conduct set forth in Plaintiff's Complaint.

## FORTIETH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 584-85 (1996), to the extent that it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to elicit compliance with this State's laws in the future.

## FORTY-FIRST DEFENSE

An award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Alabama Code § 6-11-21. Alabama Act No. 99-358 bars any claims for punitive damages to the extent that those claims exceed the bounds that the Alabama Legislature has established as the outer limit for awards of punitive damages as a matter of public policy in this state.

## FORTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the Equal

Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and deprives State Farm of the right to equal protection under the law as provided in Article One, Sections One, Six, and Twenty-two of the Alabama Constitution, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct, and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

## FORTY-THIRD DEFENSE

Plaintiff's claim for punitive damages is barred, because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the U.S. Constitution.

## FORTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages against State Farm cannot be sustained, because any award of damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate State Farm's due process rights guaranteed by the U.S.

Constitution and the Alabama Constitution.

## FORTY-FIFTH DEFENSE

To the extent that punitive damages are imposed, they should not exceed the ratio articulated by the U.S. Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-45 (2003) (stating that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety," and that "[s]ingle digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution").

## FORTY-SIXTH DEFENSE

An award of punitive damages and/or damages for mental anguish and emotional distress would violate State Farm's rights under the Contracts Clause of Article One, Section Ten of the U.S. Constitution and/or Article One, Section Twenty-Two of the Alabama Constitution.

## FORTY-SEVENTH DEFENSE

The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages and/or damages for mental anguish and emotional distress to award is so relatively unfettered, and so lacking in any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of

the award of punitive damages or mental anguish and emotional distress, which violates State Farm's due process rights under the Fourteenth Amendment of the U.S. Constitution and Article One, Section Thirteen of the Alabama Constitution.

## FORTY-EIGHTH DEFENSE

Any award of punitive damages and/or damages for mental anguish and emotional distress should not be assessed for the acts of an agent or agents without any additional proof of knowledge or ratification or fault on the part of State Farm.

## FORTY-NINTH DEFENSE

The procedures pursuant to which punitive damages are awarded fail to provide clear and adequate trial, post-trial, or appellate standards for imposing or reviewing an award of punitive damages, which violates State Farm's due process and equal protection rights under U.S. Constitution and the Alabama Constitution:

(a)   The *Hammond* and *Green Oil* factors do not provide a clearly defined standard for courts to apply in reviewing punitive damages;

(b)   The *Hammond* and *Green Oil* factors provide inadequate review as to whether the punitive damages award is reasonably necessary to carry out a legitimate state interest, and as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for State Farm;

(c)     The *Hammond* and *Green Oil* factors provide inadequate review and vague standards regarding the relationship of the punitive damages award to the harm, the relationship of the punitive damages award to the assessment and/or amount of compensatory or other damages, and regarding the mental state that makes punitive damages permissible;

(d)     The *Hammond* and *Green Oil* factors do not address or cure the lack of guidelines given to the jury for assessing the propriety of a punitive damages award and/or the amount of any such award;

(e)     The *Hammond* and *Green Oil* factors are inadequate in that the trial court, under the *Hammond/Green Oil* procedure, "may" take certain factors into account, and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results;

(f)     The *Hammond* and *Green Oil* factors fail to provide definite and meaningful constraints on jury discretion in awarding punitive damages;

(g)     Under Alabama law and the Alabama punitive damages scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which damages are assessed; and

18

(h)     Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics.

## FIFTIETH DEFENSE

Any award of punitive damages and/or damages for mental anguish and emotional distress based on anything other than State Farm's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent State Farm from being subject to other judgments awarded with the goal of punishing State Farm for the same wrong.

## FIFTY-FIRST DEFENSE

Under Alabama law and the Alabama punitive damages scheme, there is no limit on the number of times State Farm could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case. If multiple punitive damage awards were assessed against State Farm in different jurisdictions,

or in the same jurisdiction, it would violate State Farm's due process rights, State Farm's right to a jury trial, and State Farm's right to be free from double jeopardy as provided for in the Constitutions of the United States and the State of Alabama.

## FIFTY-SECOND DEFENSE

Plaintiff's claim for punitive damages and/or damages for mental anguish and emotional distress is barred to the extent that it seeks the admission into evidence of State Farm's net worth in determining whether punitive damages and/or damages for mental anguish and emotional distress are to be awarded and/or in what amount they are to be awarded, because a punitive damages and/or damages for mental anguish and emotional distress award grounded in a defendant's status rather than in specific misconduct has the effect of treating classes of citizens unequally in violation of the State Farm's rights under the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article One, Sections One, Six, Thirteen, and Twenty-Two of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States.

## FIFTY-THIRD DEFENSE

State Farm specifically incorporates by reference all standards and limitations regarding and relating to the determination and enforceability of

punitive damage awards as stated in *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2008 WL 2511219 (2008); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am., Inc.*, 517 U.S. 559; *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *Matthews v. Eldridge*, 424 U.S. 319 (1976).  Plaintiff's claims for punitive damages and any award of punitive damages cannot be upheld to the extent they violate or contravene the holdings of these cases.

## FIFTY-FOURTH DEFENSE

An award of punitive damages and/or damages for mental anguish and emotional distress would violate State Farm's rights under Article One, Section Twenty-Two of the Alabama Constitution, which prohibits *ex post facto* laws.

## FIFTY-FIFTH DEFENSE

The jury will not be able to assess the culpability of each Defendant and return separate punitive damage awards, which violates State Farm's due process rights under the Fourteenth Amendment of the U.S. Constitution and Article One, Section Thirteen of the Alabama Constitution.

## FIFTY-SIXTH DEFENSE

State Farm affirmatively denies that it failed or refused to tender those benefits due and owing under the contract of insurance regarding any claims filed

by Plaintiff and demand strict proof thereof.

## FIFTY-SEVENTH DEFENSE

Plaintiff failed to mitigate her damages and is not entitled to recover herein.

## FIFTY-EIGHTH DEFENSE

State Farm asserts the defense of lack of personal jurisdiction.

## FIFTY-NINTH DEFENSE

State Farm asserts the defense of insufficiency of process and insufficiency of service of process.

## SIXTIETH DEFENSE

State Farm denies any wrong doing and maintains that an intervening and superseding act proximately caused the damages claimed by Plaintiff.

## SIXTY-FIRST DEFENSE

State Farm asserts the defense of waiver.

## SIXTY-SECOND DEFENSE

State Farm affirmatively denies that it breached any duty and demands strict proof thereof.

## SIXTY-THIRD DEFENSE

State Farm affirmatively denies that it or any of its agents, servants, or employees improperly refused and/or denied Plaintiff's claim.

## SIXTY-FOURTH DEFENSE

State Farm affirmatively denies that it failed to perform its duties under the insurance contract.

## SIXTY-FIFTH DEFENSE

State Farm affirmatively pleads the affirmative defense of justification.

## SIXTY-SIXTH DEFENSE

State Farm affirmatively pleads that the involved vehicle qualified as a newly acquired car under all applicable policies.

## SIXTY-SEVENTH DEFENSE

State Farm affirmatively pleads that Alyssa Carroll was qualified as a resident relative of Plaintiff.

## SIXTY-EIGHTH DEFENSE

State Farm affirmatively pleads that Donald Turner was qualified as an insured under the applicable automobile insurance policies as a permissive user.

## SIXTY-NINTH DEFENSE

State Farm affirmatively pleads that there is no liability coverage provided to Donald Turner as the insured for injuries to Alyssa Carroll as the resident relative under the terms of the automobile insurance policies.

### SEVENTIETH DEFENSE

Any verdict or judgment rendered against State Farm must be reduced by those amounts that have been or will be, with reasonable certainty, paid to reimburse or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source, such as insurance, Social Security, disability, worker's compensation, or employee benefit programs.

### SEVENTY-FIRST DEFENSE

To the extent Plaintiff seek punitive damages, any such claims are barred by § 6-11-20 of the Alabama Code.

### SEVENTY-SECOND DEFENSE

In the event that State Farm subsequently discovers any new or additional evidence that would bar Plaintiff's recovery had such evidence been known, State Farm reserves the right to assert such after-acquired evidence to limit recovery.

### SEVENTY-THIRD DEFENSE

State Farm asserts the defense of last clear chance and sudden emergency.

### JURY DEMAND

State Farm demands trial by a struck jury.

**Respectfully submitted this the 31st day of May, 2017.**

                                    **/s/ A. David Fawal**
                                    **A. David Fawal [ASB-4593-W82A]**
                                    david.fawal@butlersnow.com
                                    **Katherine T. Powell [ASB-1047-H60T]**
                                    Katie.powell@butlersnow.com

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 297-2200
Facsimile:   (205) 297-2100

                                    *Attorneys for State Farm Mutual Automobile*
                                    *Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's AlaFile system and/or by depositing a copy of the same in the U. S. Mail, first-class postage prepaid and properly addressed as follows:

Andrew J. Moak
C. Todd Buchanan
**SHUNNARAH INJURY LAWYERS, PC**
3626 Clairmont Avenue South
Birmingham, Alabama  35222-3508
Telephone:   (205) 323-1000
Facsimile:   (205) 323-1877

*Attorneys for Plaintiff.*

**Done this the 31st day of May, 2017.**


**/s/ A. David Fawal____**
**OF COUNSEL**


36695748v1

26