FILED
2017 Aug-09  AM 07:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANA LEIGH BAILEY, as** | ) | |
| **Personal Representative of** | ) | |
| **the estate of ALYSSA** | ) | |
| **VICTORIA CARROLL** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 2:17-CV-00888-KOB** |
| **v.** | ) | |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE** | ) | **ORAL ARGUMENT REQUESTED** |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT STATE FARM'S MOTION FOR SUMMARY JUDGMENT

**A. David Fawal [ASB-4593-W82A]**
**Katherine T. Powell [ASB-1047-H60T]**
**BUTLER SNOW LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 297-2200
Facsimile:   (205) 297-2201


*Attorneys for State Farm Mutual*
*Automobile Insurance Company*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................... i

INTRODUCTION ............................................................................1

STATEMENT OF UNDISPUTED FACTS ..............................................2

STANDARD OF REVIEW ..............................................................11

ARGUMENT AND CITATION OF AUTHORITY ..............................12

    I.     The Honda Civic is An Insured Automobile Under Each Policy as a
"Newly Acquired Vehicle." ...............................................14

         a.     Because the Honda Civic is a "Newly Acquired Car," Liability
Coverage is Provided to the Honda Civic Under Each of
Plaintiff's Policies. ................................................15

         b.     Because the Honda Civic is Insured Under the Liability Portion
of Each of Plaintiff's Policies, the Honda Civic is Not an
"Uninsured Motor Vehicle." .....................................16

    II.    While Liability Coverage to Carroll Was Available Under Each of
Plaintiff's Policies, Carroll was Excluded from Coverage as a
"Resident Relative" Injured by Turner as a Permissive User. ............18

         a.     Carroll and Turner Are "Insureds" Under Each of Plaintiff's
Policies. ...............................................................19

         b.     Carroll is Excluded from Liability Coverage Because There is
No Coverage For An Insured Causing Bodily Injury to a
Resident Relative Under Plaintiff's Policies. ..........................20

    III.   Carroll Was Not Entitled to Uninsured Motorist Benefits Because She
Was an Insured Under Each Automobile Policy. ..............................21

CONCLUSION ...............................................................................25

CERTIFICATE OF SERVICE ..........................................................27

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANA LEIGH BAILEY, as** | ) | |
| **Personal Representative of** | ) | |
| **the estate of ALYSSA** | ) | |
| **VICTORIA CARROLL** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 2:17-CV-00888-KOB** |
| **v.** | ) | |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE** | ) | **ORAL ARGUMENT REQUESTED** |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT STATE FARM'S MOTION FOR SUMMARY JUDGMENT

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") now moves for summary judgment under Federal Rule of Civil Procedure 56 in its favor as to Plaintiff Dana Leigh Bailey's ("Plaintiff") claim for Uninsured/Underinsured Motorist Benefits related to State Farm policy coverages and exclusions. In support of this motion, State Farm relies on the pleadings and a contemporaneously-filed Joint Stipulation of Undisputed Material Facts and states the following:

## INTRODUCTION

This case arises from an insurance coverage dispute over Uninsured/Underinsured Motorist Benefits stemming from a single car accident

occurring in January 2017 in which Alyssa Carroll was killed. Specifically, Plaintiff, Alyssa's mother, seeks Uninsured/Underinsured Motorist Benefits under the three applicable insurance policies issued to Plaintiff. However, Plaintiff's claim fails due to the clear and unambiguous policy language and Alabama law.

Under Alabama law, an insured automobile does not become uninsured just because liability coverage may not be available to a particular individual. Here, the clear language in each of Plaintiff's three applicable policies provides coverage for the vehicle involved in the car accident because it was a "Newly Acquired Car." Liability Coverage for Alyssa Carroll and Donald Lee Turner existed under the policies because they are considered "Insureds," but the resident relative exclusion applied to Alyssa Carroll. Uninsured/Underinsured Motorist Benefits are thus not available to Plaintiff for Alyssa Carroll's death. Accordingly, State Farm respectfully requests that this Court grant its Motion.

## **STATEMENT OF UNDISPUTED FACTS[1]**

1.     On or about January 14, 2017, Donald Lee Turner ("Turner") and Alyssa Victoria Carroll ("Carroll") were traveling in Blount County, Alabama in a 1994 Honda Civic Del Sol ("Honda Civic"). (Doc. 9, ¶ 1).

2.     Turner was driving the Honda Civic and Carroll was a passenger.[2]

---

[1] The facts are based on the Joint Stipulation of Undisputed Material Facts (Doc. 9), Plaintiffs' Complaint (Doc. 1-1) and Certified Copies of the State Farm Car Policies addressed below. All documents referenced in this section are attached to the Joint Stipulation of Undisputed Material Facts (Doc. 9).

(Doc. 9, ¶ 2).

3.      Turner was driving the Honda Civic with consent from Carroll.  (Doc. 9, ¶ 3).

4.      At approximately 3:30 a.m., the motor vehicle left the roadway and crashed.  (Doc. 9, ¶ 4).

5.      The vehicle was deemed a total loss, and both Turner and Carroll were pronounced dead at the scene of the accident.   (Doc. 9, ¶ 5).

6.      Based on information available, Turner's actions were the proximate cause of Carroll's death.  (Doc. 9, ¶ 6).

7.      At the time of the accident, Plaintiff Dana Leigh Bailey, Carroll's mother, and Plaintiff's husband had the following three automobile insurance policies in effect with State Farm: (1) Car Policy No. 299-3314-F30-01A (9801A), for Jimmy & Jessica & Dana Bailey and a 2016 Nissan Versa, effective December 30, 2016 to June 30, 2017;  (2) Car Policy No. 272-1462-E20-01 (9801A), for Dana & Jimmy R. Bailey and a 2004 Toyota Prerunner, effective November 20, 2016 to May 20, 2017; and (3) Car Policy No. 272-1461-E20-01A (9801A), for Dana & Jimmy Bailey and a 2007 Lexus RX350, effective November 20, 2016 to May 20, 2017.  (Doc. 9, ¶ 7, and Exhibits A, B and C, respectively, attached to Doc. 9).

---

[2] A third occupant, Joseph Allen Buchanan ("Buchanan"), was seriously injured in the accident but survived.

8.      The Honda Civic was purchased on January 11, 2017.  (Doc. 9, ¶ 8).

9.      Neither Plaintiff nor Carroll had obtained insurance for the Honda Civic.  (Doc. 9, ¶ 9).

10.     All three of Plaintiff's insurance policies[3] with State Farm provide the same coverage limit – the uninsured motor vehicle coverage available per policy is $25,000 per person, per accident.   (Doc. 9, ¶ 10, Exs. A, B, and C, Declarations Pages).

11.     Carroll was Plaintiff's daughter and was living with Plaintiff at the time of the accident.  (Doc. 9, ¶ 11).

12.     On January 15, 2017, Plaintiff submitted a claim with State Farm for Uninsured Motorist Benefits under the policies.  (Doc. 9, ¶ 12).

13.     On February 24, 2017, State Farm sent a letter to Plaintiff's retained counsel informing Plaintiff of the coverages that applied to the loss involving Carroll.  (Doc. 9, ¶ 13).

14.     State Farm determined that (1) Carroll was a resident relative of Plaintiff, as Carroll lived with Plaintiff at the time of loss; (2) Turner was an insured by virtue of being a permissive user of the Honda Civic; (3) because the Honda Civic was purchased just three days before the loss, it was a "newly

---

[3] Exhibit C varies slightly from Exhibits A and B in that Exhibit C contains an additional Amendatory Endorsement – 6901A.1.  This difference is insignificant, given that Exhibit C's Amendatory Endorsement 6901A.1 language is identical to the language contained within the body of the policy in Exhibits A and B. (Doc. 9, ¶ 7).

acquired car" as defined by the policies and thus fell within the "Newly Acquired Car" Liability Coverage under each the policies; (4) because Turner, as an insured, caused bodily injuries to Carroll, a resident relative of Plaintiff, Liability Coverage was excluded for Carroll; and, (5) Carroll was not entitled to uninsured motorist coverage because the Honda Civic was an insured auto with Liability Coverage as a "Newly Acquired Car" under each policy. (Doc. 9, ¶ 14).

15.     Aside from the above, State Farm determined that Medical Payments Coverage applied to Turner, Carroll, and Buchanan. State Farm also provided insurance benefits to Plaintiff via the Physical Damage Coverage provisions of the policy. Finally, State Farm determined that Liability Coverage applied to Buchanan with no exclusions to coverage, and tendered its liability limits under Car Policy No. 299-3314-F30-01A. (Doc. 9, ¶ 15, Ex. A).

16.     Additionally, USAA, liability insurer for Turner, tendered its available liability limits of $25,000. The plaintiff requested that State Farm consent to that settlement and waive its subrogation rights. On April 11, 2017, State Farm renewed its initial denial of coverage and consented to the proposed settlement. (Doc. 9, ¶ 16).

17.     State Farm's coverage decision was based upon the following pertinent provisions of Plaintiff's Car Policies, FP-9801A:

**Resident Relative** means a **person**, other than **you**, who lives primarily with the first **person** shown as a named insured on the Declarations Page and who is:

1.  related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2.  a ward or a foster child of that named insured, his or her spouse, or a **person** described in 1. above.

(Doc. 9, ¶¶ 7, 14, Exs. A, B, and C, Policy, pg. 4).

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declaration page.

### Additional Definition

**Insured** means:

1.  **you** and **resident relatives** for:

    a.  the ownership, maintenance, or use of:

        (1)  **your car**,

        (2)  **a newly acquired car** . . .

                        ***

3.  any other **person** for his or her use of:

    a.  **your car;**

    b.  a **newly acquired car;**

6

       c.     a ***temporary substitute car***; or

       d.     a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

Such vehicle must be used within the scope of ***your*** consent; and

\*\*\*

(Doc. 9, ¶ 7, Exs. A, B, and C, Policy at pg. 5).

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

\*\*\*

2.     FOR ***BODILY INJURY*** TO:

\*\*\*

b.     ***RESIDENT RELATIVES . . .***

\*\*\*

(Doc. 9, ¶ 7, Exs. A, B, and C, Policy at pg. 6).

6901A.1 AMENDATORY ENDORSEMENT

\*\*\*

4.     **LIABILITY COVERAGE**

       a.     **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

7

**Insuring Agreement**

1.    *We* will pay damages an ***insured*** becomes legally liable to pay because of:

      a.    ***bodily injury*** to others; and

      b.    damage to property

caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy.

(Doc. 9, ¶ 7, Exs. A, B, and C, Policy at pg. 5).

1.    **DEFINITIONS**

*Newly Acquired Car* is changed to read:

***Newly Acquired Car*** means a ***car*** newly ***owned by you*** or a ***resident relative***.

A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1.    the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or

2.    the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you*** or a ***resident relative.***

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other

8

policy, then this policy will provide
Comprehensive Coverage or Collision
Coverage for that **newly acquired car,**
subject to a deductible of $500.

(Doc. 9, ¶ 7, Exs. A, B, and C, 6128AY – Amendatory Endorsement at pg. 1).

### If Other Liability Coverage Applies

1.  If Liability Coverage provided by this policy and
    one or more other Car Policies issued to **you** or any
    **resident relative** by one or more of the **State Farm
    Companies** apply to the same accident, then:

    a.  the Liability Coverage limits of such
        policies will not be added together to
        determine the most that may be paid; and

    b.  the maximum amount that may be paid from
        all such policies combined is the single
        highest applicable limit provided by any one
        of the policies. **We** may choose one or more
        of the policies from which to make payment.

                        ***

(Doc. 9, ¶ 7, Exs. A, B, and C, Policy at pg. 7).


### UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage
if "U" is shown under "SYMBOLS" on the Declarations
Page.


### Additional Definitions

**Insured** means:

1.     *you*;

2.     *resident relatives*;

3.     any other *person* while *occupying*:

    a.     *your car*;

    b.     a *newly acquired car*; or

    c.     a *temporary substitute car*.

Such vehicle must be used within the scope of your consent. Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; . . .

***

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1.     whose ownership, maintenance, or use is provided Liability Coverage by this policy;

***

**Insuring Agreement**

*We* will pay damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

1.     Sustained by an *insured*; and

2.     caused by an accident that involves the operation, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

(Doc. 9, ¶ 7, Exs. A, B, and C, Policy at pg. 12).

10

## STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, the moving party is entitled to a judgment as a matter of law where no genuine issue of material fact exists.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of proof of showing the absence of any genuine issue of material fact on the matters covered by the Motion for Summary Judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); *Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988); *Cox v. Adm'r U.S. Steel & Carnegie,* 17 F.3d 1386, 1396 (11th Cir. 1994), *opinion modified on rehearing* 30 F.3d 1347 (11th Cir. 1994).  Once the movant has sustained its burden, the burden then shifts to the non-movant to demonstrate by substantial evidence with specific facts that demonstrate genuine issues of material fact do exist to warrant the matter being submitted to the factfinder.  *See Anderson*, 477 U.S. at 249; *United Steelworkers of America, AFL-CIO v. Univ. of Ala.*, 599 F.2d 56, 61 (5th Cir.1979)[4].

Likewise, in the insurance context:

> when an insured is defending against an insurer's motion for summary judgment—in which the insurer argues "the application of an exclusion or an assertion that the policy does not apply for some reason other than the scope of

---

[4] Decisions by the former Fifth Circuit issued before October 1, 1981 are binding as precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

> coverage…allocation of the burden of persuasion [is]
> compounded against [the insured]."

*Johnson v. State Farm Fire & Cas. Co.,* No. CV 12-00534-N, 2013 WL 4607548, at *8 (S.D. Ala. Aug. 29, 2013) (quoting *American Safety Indemn. Co. v. T.H. Taylor, Inc.,* 513 Fed. App'x 807, 813-14 (11th Cir. Mar. 14, 2013)).   "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (*citing Adickes v. S.H. Kess & Co.,* 398 U.S. 144, 90 S.Ct.1598, 26 L.Ed.2d 577 (1967)).

Here, the parties do not dispute the facts.  For the reasons set forth below, State Farm is entitled to summary judgment as a matter of law.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff brings one count against State Farm for Uninsured/Underinsured Motorist Benefits on the basis that Turner was an uninsured motorist under three automobile policies in effect on the date of loss.  However, this argument fails due to the clear policy terms, including exclusions, outlined in the automobile policies.

General rules of contract law govern interpretation of insurance policies.[5] *Hartford Fire Ins. Co. v. Mitchell Co.*, 440 F. App'x 759, 760 (11th Cir. 2011) (citing *Safeway Ins. Co. of Ala., Inc. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 1987)).  Alabama law regarding the construction of insurance contracts is well-

---

[5] State law governs in diversity cases involving insurance policies.  *See Dempsey v. Auto Owners Ins. Co.*, 717 F.2d 556, 559 (11th Cir.1983) (per curiam).

settled –insurers are entitled to have their policies enforced as written, as long as they are unambiguous. *Titan Indem. Co. v. Newton*, 39 F. Supp. 2d 1336, 1343 (N.D. Ala. 1999) (citing *Woodall v. Alfa Mut. Ins. Co.*, 658 So. 2d 369, 371 (Ala. 1995)). Whether provisions of an insurance policy are ambiguous is a question of law. *Herrera*, 912 So. 2d at 1143. Ambiguities in insurance policies are resolved in favor of the insured. *Johnson v. Allstate Ins. Co.*, 505 So. 2d 362, 365 9Ala. 1987). However, parties cannot create ambiguities by setting forth different interpretations or by inserting strained or twisted reasoning. *Herrera*, 912 So. 2d at 1143. "The fact that different parties contend for different construction does not mean that the disputed language is ambiguous." *Newton*, 39 F. Supp. 2d at 1343. When there is no ambiguity, courts must enforce insurance contracts as written and cannot defeat express provisions in policies, including exclusions from coverage, by making a new contract for the parties. *Turner v. U.S. Fidelity & Guaranty Co.*, 440 So. 2d 1026, 1028 (Ala. 1983).

Here, State Farm's policy language should be enforced as written because it is clear and unambiguous. Liability Coverage is a separate consideration for motor vehicles and individuals under Alabama law. Liability Coverage is provided for the Honda Civic because it is a "Newly Acquired Vehicle" under the terms of each of Plaintiff's policies. Liability Coverage was available for both Carroll and Turner as insureds under the policies, but Carroll fell within the resident relative

exclusion for the bodily injuries caused by Turner. First, as indicated by the clear language in each of the three applicable automobile policies, although Carroll is considered an "insured," she is excluded from Liability Coverage because the driver, a permissive user, caused bodily injury by death to Carroll, a resident relative under the terms of the policy, when the accident occurred. Second, the car itself was insured by Liability Coverage under <u>each</u> of Plaintiff's three automobile insurance policies in effect on the date of the loss because the car was newly acquired and neither Plaintiff nor Alyssa had obtained a policy for the new car. Third, because the vehicle was insured, per the policies' language and as recognized under Alabama law, Uninsured/Underinsured Motorist Benefits are not available as a matter of law.

I.    **The Honda Civic is An Insured Automobile Under Each Policy as a "Newly Acquired Vehicle."**

The Honda Civic receives Liability Coverage because it is insured under each Plaintiff's automobile insurance policies. Although Plaintiff argues that the Honda Civic is uninsured because liability coverage was not available for Carroll's death, this argument conflates the issue. An "insured motor vehicle" and "insured motorists" are two separate considerations in the context of uninsured motorist coverage. *See Ex parte O'Hare*, 432 So.2d 1300, 1303 (Ala. 1983) ("[A]n insured automobile does not become uninsured because liability coverage may not be available to a particular individual"); *see also Watts v. Preferred Risk Ins. Co.*, 423

14

So.2d 171 (Ala. 1982).   The Alabama Supreme Court has recognized that "[uninsured motorist coverage], and the policies written for it, 'deal with the motor vehicle which is insured, <u>not</u> the motorist.'"   *Geico Indem. Co. v. Bell*, No. 2150745, 2017 WL 942598, at *3 (Ala. Civ. App. March 10, 2017) (quoting *Watts v. Preferred Risk Mut. Ins. Co.*, 423 So. 2d 171, 174 (Ala. 1982)) (emphasis added).   Here, Liability Coverage applied to the Honda Civic under each of Plaintiff's policies because it is an insured automobile by virtue of its status as a "Newly Acquired Car."

### a.  Because the Honda Civic is a "Newly Acquired Car," Liability Coverage is Provided to the Honda Civic Under Each of Plaintiff's Policies.

Each of Plaintiff's insurance policies explicitly provides Liability Coverage for the Honda Civic.  At the time of the accident, no insurance policy was written on the Honda Civic.  (Doc. 9, ¶ 9).The Honda Civic was purchased three days before the date of loss.  (Doc. 9, ¶ 8).  Each of Plaintiff's insurance policies with State Farm clearly provides coverage to newly acquired cars for the earlier of the end of a 14-day period or until the insured purchases insurance for the vehicle.  *See* Doc. 9, ¶ 7, Exs. A, B, and C, 6128AY – Amendatory Endorsement at pg. 1. Because the Honda Civic was a newly acquired vehicle, the Honda Civic fell squarely within this provision of <u>each</u> of the Plaintiff's insurance policies.

Even if the vehicle was deemed uninsured as to one of the Plaintiff's policies

(which it was not), the Honda Civic would still be considered an insured vehicle under the remaining policies.  In *Hall v. State Farm Mutual Automobile Ins. Co.*, the Alabama Supreme Court held that where a household member was not entitled to benefits under the insurance policy that actually covered an automobile involved in the accident (i.e. the named car on the policy), Uninsured/Underinsured Motorist Benefits were available to the household member under the insured's additional separate uninsured motorist policy covering the insured's second automobile.  514 So.2d 853, 857 (Ala. 1987).  The *Hall* holding is predicated on the facts that (1) the other policy did <u>not</u> offer Liability Coverage for the vehicle involved in the accident, and (2) the vehicle actually qualified as an uninsured motor vehicle under the language of the other policy.  *Id.* at 857.

Here, the *Hall* standard is satisfied because the Honda Civic had liability coverage under <u>each</u> of the Plaintiff's policies due to its status as a "Newly Acquired Car" without an insurance policy of its own.  The Honda Civic could not qualify as an uninsured motor vehicle under any of Plaintiff's policies.  Thus, the Honda Civic is not subject to uninsured motor vehicle benefits by virtue of being an insured vehicle.

  **b.** **Because the Honda Civic is Insured Under the Liability Portion of Each of Plaintiff's Policies, the Honda Civic is Not an "Uninsured Motor Vehicle."**

As a newly acquired car, the Honda Civic was <u>not</u> an uninsured motor

vehicle by the clear terms of the policies – "'Uninsured Motor Vehicle' does not include a land motor vehicle whose ownership, maintenance, or use is provided Liability Coverage by this policy" Doc. 9, ¶ 7, Exs. A, B, and C, pg. 12.

Well-established Alabama law supports this policy interpretation. Alabama law specifically allows the exclusion of a vehicle from the definition of "Uninsured Auto" where the vehicle is insured under the liability coverage of the policy. *See Allstate Ins. Co. v. Hardnett*, 763 So.2d 963, 965 (Ala. 2000) (the policy language "clearly and unambiguously states that a motor vehicle that is insured under the liability portion of the policy cannot be an 'uninsured auto.'"); *see also Powell v. State Farm Mut. Auto. Ins. Co.*, 601 So.2d 60 (Ala. 1992) (upholding denial of coverage to a passenger because her automobile insurance policy excluded uninsured motorist coverage on newly acquired vehicles that are covered by other insurance); *O'Hare*, 432 So.2d 1300 (holding that the exclusion of an "insured motor vehicle" from definition of an "uninsured motor vehicle" in automobile policy was otherwise unambiguous and operated to preclude named insured from recovering under policy for injuries sustained as a passenger in her own automobile while it was being driven by an individual who carried no separate insurance); and *Bell*, 2017 WL 942598 at * 5 (noting that the Alabama Supreme Court has consistently upheld the "household exclusion" clause of liability policies in conjunction with not extending coverage under the same policy for uninsured

motorist coverage and indicating it was an established judicial policy in Alabama that insurance companies "may by appropriate exclusions and exclusionary definitions protect themselves from friendly family lawsuits.").

As evidenced by the case law above, a motor vehicle cannot be both an insured motor vehicle and an uninsured motor vehicle under the same policy, or in this case, policies. Further, Uninsured/Underinsured Motorist Benefits deal with the <u>vehicle</u>, not the liability coverage of the <u>individuals</u> driving or riding in the car. Because the <u>Honda Civic</u> is insured under all three of Plaintiff's policies, the corresponding Uninsured/Underinsured Motorist Benefits do not come into play. Therefore, Plaintiff is not entitled to Uninsured/Underinsured Motorist Benefits for the Honda Civic.

**II.    While Liability Coverage to Carroll Was Available Under Each of Plaintiff's Policies, Carroll was Excluded from Coverage as a "Resident Relative" Injured by Turner as a Permissive User.**

Even though Liability Coverage is available for the Honda Civic under each of the three policies as discussed above, Liability Coverage is excluded as to Carroll. *See O'Hare*, *supra*, 432 So.2d at 1303 (Ala. ("[A]n insured automobile does not become uninsured because liability coverage may not be available to a particular individual"). Liability Coverage is excluded as to Carroll because she fell within the policies' exclusions regarding insureds causing bodily injuries to

resident relatives – Turner was an insured, and he caused bodily injury to Carroll, a resident relative of Plaintiff.

### a. Carroll and Turner Are "Insureds" Under Each of Plaintiff's Policies.

It is undisputed that Carroll qualifies as a "Resident Relative" of the Plaintiff, as Carroll was Plaintiff's daughter and lived with Plaintiff at the time of the loss, (Doc. 9, ¶ 11).   As a "Resident Relative" of Plaintiff, Carroll was excluded from Liability Coverage by the clear terms of the policies – "'Resident Relative means a person, other than you, who lives primarily with the first person shown as a named insured on the Declarations Page and who is related to that named insured … by blood." *See* Doc. 9, ¶ 7, Exs. A, B, and C, pg. 4.   Therefore, Carroll was an insured under each of the policies – "Insured means … resident relatives." *See* Doc. 9, ¶ 7, Exs. A, B, and C, pg. 5.

It is also undisputed that Turner qualifies as an "Insured" under each of Plaintiff's policies.   Under the Liability Coverage provision of the automobile policies, Turner was a permissive user – "Insured means … any other person for his or her use of a newly acquired car.   […] Such vehicle must be used within the scope of your consent." *See* Doc. 9, ¶ 7, Exs. A, B, and C, pg. 5.

Both Carroll and Turner were traveling in the Honda Civic, which qualifies as a "Newly Acquired Car" under each of Plaintiff's policies' Amendatory

Endorsement 6128AY.  *See* Doc. 9, ¶ 7, Exs. A, B, and C, 6128AY – Amendatory Endorsement at pg. 1.

Plaintiff's policies also dictated that State Farm would pay "damages an insured becomes legally liable to pay because of bodily injury to others […] caused by an accident that involves a vehicle for which that insured is provided Liability Coverage by this policy."  *See* Doc. 9, ¶ 7, Exs. A, B, and C, pg. 5.  The Plaintiffs' insurance policies were thus triggered, as Turner (an insured) caused bodily injury to Carroll in the accident involving the Honda Civic (an insured vehicle).

Therefore, based on the clear policies' language outlined above including 6901A.1 Amendatory Endorsement, Liability Coverage was applicable, <u>unless otherwise excluded</u>.

### b.   Carroll is Excluded from Liability Coverage Because There is No Coverage For An Insured Causing Bodily Injury to a Resident Relative Under Plaintiff's Policies.

Liability Coverage under the policies was excluded as to Carroll because of the unfortunate circumstances of the accident.  Plaintiff's Policies provide that "[t]here is no coverage for an insured […] for bodily injury to […] resident relatives."  *See* Doc. 9, ¶ 7, Exs. A, B, and C, pg. 6.  Here, there was Liability Coverage because Turner is an insured by virtue of being a permissive user of the Honda Civic.  *See* (Doc. 9, ¶ 3).  Carroll is a resident relative of Plaintiff, the named insured on each of her policies.  Turner caused bodily injuries to Carroll on

the date of the loss.  *See* (Doc. 9, ¶ 6).  Thus, Carroll was excluded from Liability Coverage under each of the Policies.

Alabama law regularly upholds exclusions similar to this exclusion. Specifically, Alabama law has long approved of the applicability of this exclusion and exclusions like this in the context of disputes regarding uninsured motorist coverage.  *See eg*. *Hall, supra* (noting the applicability of the "household exclusion" and acknowledging that it excluded liability coverage to a resident relative riding as a passenger in a vehicle insured under a State Farm Car Policy and being driven by an individual qualifying as an Insured); *Allstate Ins. Co. v. Hardnett*, 763 So.2d 963 (Ala. 2000) (deciding case on other issues but noting the exclusion from liability coverage under an automobile policy for liability for "bodily injury to any person related to a person by blood, marriage, or adoption and residing in that person's household.").

State Farm's policy language and exclusions have been upheld under Alabama law.  Based on the clear language of Plaintiff's policies, Liability Coverage was excluded as to Carroll.

## III.  Carroll Was Not Entitled to Uninsured Motorist Benefits Because She Was an Insured Under Each Automobile Policy.

Alabama courts have held that "uninsured motorist coverage is intended to provide financial recompense to innocent victims who are injured and to dependents of those who are killed because of the wrongful conduct of <u>uninsured</u>

21

motorists." *Dale v. Home Ins. Co.*, 479 So.2d 1290, 1291 (Ala. Civ. App. 1985) (*citing Gulf Am. Fire and Cas. Co. v. Gowan*, 218 So.2d 688 (Ala. 1969)) (emphasis added).  It is well-established that both Alabama's uninsured motorist statute, Ala. Code §32-7-23 (1975), and insurance policies deal with the motor vehicle which is uninsured, not the motorist.  *Id.* (*citing O'Hare*, 432 So.2d at 1302) (emphasis added).  Under Alabama law, "an insured automobile does not become uninsured because liability coverage may not be available to a particular individual." *O'Hare*, 432 So. 2d 1300; *see also Watts v. Preferred Risk Ins. Co.*, 423 So.2d 171 (Ala. 1982).

This case law is consistent with the Alabama Supreme Court's opinion in *Hall*, 514 So.2d at 857.  There, an insured's son was driving the insured's car when he was involved in a one-car accident; the insured's son-in-law was a passenger in the vehicle.  514 So. 2d at 853.  Although the insured's son was not a "resident relative," he was deemed an "insured" under the policy insuring the car because he was using the vehicle with permission and consent.  *Id.* at 854.  The insured's son-in-law was deemed as an "insured" because he was a "resident relative" who lived with the insured at the time of the accident.  The son-in-law died as a result of the accident.  *Id.*  As a resident relative of the insured under the policy, the son-in-law fell squarely within the policy's exclusion, and therefore there was no liability coverage extended to him.  *Id.*

The insured also owned a second vehicle that was insured under a totally different policy than the car involved in the above described accident. *Id.* As a resident relative, the son-in-law met the definition of "insured" under the uninsured motorist coverage of the second policy. *Id.* Once the insurer (State Farm) denied liability coverage under the first car policy, the son-in-law's representative made a claim for uninsured motorist benefits under both of the insured's policies. *Id.*

The issue for the Alabama Supreme Court was "whether an individual who has had liability coverage and uninsured motorist coverage denied to him under the policy covering the vehicle[6] in which he was riding can press a claim for uninsured motorist coverage under another and different policy of insurance." *Id.* at 855-56.

The Court analyzed the uninsured motor coverage language of the second automobile policy. *Id.* at 856. After establishing that (1) the son-in-law fell within the definition of "insured" and (2) the son-in-law was injured by an uninsured motor vehicle, the Court looked to the policy exclusions to determine if applicable. *Id.* Notably, the exclusion is identical to the provision at issue here. The Court noted that the specific exclusion –providing that an "uninsured motor vehicle" did not include a land motor vehicle insured under the liability coverage of the policy – was inapplicable because the only vehicle insured by the second policy, and thus the only vehicle excluded by the reasoning in *O'Hare*, was the named automobile

---

[6] Via the facts of *Hall*, this is the vehicle specifically named in the policy as the vehicle for which the policy was written. *Hall*, 514 So. 2d at 853-54.

insured by the second policy (and not the automobile involved in the accident).  *Id.* at 857.   The Court found nothing in the second policy to exclude Uninsured/Underinsured Motorist coverage.  *Id*.  The Court noted that its holding was in line with other courts that stand for the "proposition that uninsured motorist coverages, under policies insuring vehicles other than the one involved in the accident, are available to passengers once the liability coverage on the vehicle involved in the accident has been denied to them" and stated that the holding does not modify the holdings in any cases cited in the opinion[7].  *Id.* (emphasis added).  Thus, under *Hall*, an individual who has had liability coverage and uninsured motorist coverage denied to him under the policy covering the vehicle  can submit a claim for uninsured motorist coverage under another and different policy of insurance, provided that the different policy does not also provide liability coverage for the vehicle in question.

Like the son-in-law in *Hall*, Carroll fell squarely within the policy exclusion as a resident relative.  Therefore, liability coverage was excluded as to her.  The Honda Civic was an insured motor vehicle under each of Plaintiff's policies.  Under *Hall*, Plaintiff can submit a claim for uninsured motorist coverage under another and different policy of insurance, but turning to any of Plaintiff's other policies would produce the same result – the Honda Civic was deemed an insured

---

[7] Cases cited included *O'Hare*, *supra* and *Dale*, *supra*.

vehicle under each policy by virtue of being a newly acquired car with no insurance policy of its own.  Because the Honda Civic was insured under each of Plaintiff's policies, it cannot be regarded as an uninsured motor vehicle under any of the policies.  Therefore, because uninsured motorist benefits cover an uninsured vehicle (not an uninsured motorist), Uninsured/Underinsured Motorist Benefits are unavailable to Carroll.

## CONCLUSION

State Farm acknowledges that this matter is tragic due to the deaths of Carroll and Turner.  However, due to the clear and unambiguous policy language and Alabama law, Uninsured/Underinsured Motorist Benefits are simply not available to Plaintiff for Carroll's death.  Liability Coverage existed under the policies, but the resident relative exclusion applied to Carroll.  Moreover, State Farm's insurance policy language provides coverage for the Honda Civic involved in the loss.  Because the Honda Civic is insured as a newly acquired car under all three policies, Uninsured/Underinsured Motorist Benefits are not available as a matter of law. Accordingly, State Farm is entitled to summary judgment.

**WHEREFORE**, premises considered, State Farm respectfully moves this Court to grant summary judgment in its favor as to Plaintiff's claim.

**Respectfully submitted this the 9th day of August, 2017.**

/s/ A. David Fawal
**A. David Fawal [ASB-4593-W82A]**
david.fawal@butlersnow.com
**Katherine T. Powell [ASB-1047-H60T]**
Katie.powell@butlersnow.com

*Attorneys for State Farm Mutual*
*Automobile Insurance Company*

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:   (205) 297-2200
Facsimile:    (205) 297-2201

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by E-File and/or by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

**/s/ Andrew J. Moak**
**Andrew J. Moak [MOA-001]**
**amoak@asilpc.com**
**C. Todd Buchanan [BUC-034]**
**tbuchanan@asilpc.com**
**SHUNNARAH INJURY LAWYERS, PC**
3626 Clairmont Avenue South
Birmingham, Alabama  35222-3508
Telephone:   (205) 323-1000
Facsimile:   (205) 323-1877

              **Done this the 9th day of August, 2017.**

                    **/s/ A. David Fawal**
                    **OF COUNSEL**

37342678v1